tion over Hinshaw's claims. *See Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir. 1997); *Osborn v. United States,* 47 Fed.Cl. 224, 229 (2000). As the court stated in *Brown,* "[The Court of Federal Claims] lacks jurisdiction over tort actions against the United States ... and is limited to cases in which the Constitution or a federal statute requires the payment of money damages as compensation." *Brown v. United States,* 105 F.3d at 623.

Because the Court of Federal Claims correctly held that Hinshaw's claims are either tort claims or based on the Constitution and federal statutes that do not require the payment of money damages, we conclude that no substantial question regarding the outcome of this appeal exists; therefore, summary affirmance is appropriate.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted.

(2) Each side shall bear its own costs.

Robert L. ANDERSON,
Plaintiff–Appellee,

v.

UNITED STATES, Defendant–
Appellant.

No. 2007–1489.

United States Court of Appeals,
Federal Circuit.

Dec. 11, 2007.

Robert L. Anderson, pro se.

*ORDER*

Upon consideration of the United States' motion to voluntarily dismiss its appeal,

IT IS ORDERED THAT:

(1) The motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

Danny C. SIMONS, and Sally
J. Simons, Plaintiffs–
Appellants,

v.

UNITED STATES, Defendant–Appellee.

No. 2007–5078.

United States Court of Appeals,
Federal Circuit.

Dec. 11, 2007.

**ORDER**

The appellant having failed to file an appendix required by Federal Circuit Rule 30(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for